**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JAIME YLASCO CLAVITO, | Case No.: 18cv443-MMA (NLS) |
| Appellant, | **ORDER AFFIRMING DECISION OF BANKRUPTCY COURT** |
| v. | |
| U.S. DEPARTMENT OF VETERANS AFFAIRS, | |
| Appellee. | |

Appellant Jaime Ylasco Clavito ("Appellant"), proceeding *pro se*, appeals an order of the United States Bankruptcy Court for the Southern District of California ("Bankruptcy Court") denying Appellant's motion for contempt and sanctions, entered on February 16, 2018. *See* Doc. No. 1. Appellee U.S. Department of Veterans Affairs ("Appellee" or the "VA") filed a responsive brief, to which Appellant replied. *See* Doc. Nos. 20, 21. The Court found the matter suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1.d.1. *See* Doc. No. 22. For the reasons set forth below, the Court **AFFIRMS** the decision of the Bankruptcy Court.

/ / /

/ / /

/ / /

The material facts of this case are not in dispute. *See* Doc. No. 19 at 18; Doc. No. 20 at 6.[1] Appellant filed a petition for Chapter 7 bankruptcy on March 14, 2016. *See* Doc. No. 17-5 at 71. In his petition, Appellant listed, among other liabilities, a debt to the Department of Education in the amount of $65,831.82 for "[s]tudent loans" and a separate debt to the VA in the amount of $7,645 for an "[o]ver payment of [a] Post 9/11 GI Bill benefit." *Id.* at 25-26. On June 14, 2016, the Bankruptcy Court issued an Order of Discharge in a Chapter 7 case pursuant to 11 U.S.C. § 727.[2] *See id.* at 216-17.

On March 30, 2016, while the underlying bankruptcy case was pending, Appellant initiated an adversary proceeding against the Department of Education and Navient Solutions, Inc.[3] and sought to discharge his "student loans[.]" Doc. No. 17-3 at 3. Notably, Appellant did not reference the debt owed to the VA. *See id.* Several months later, Appellant filed a motion to change venue because he had relocated to Stockton, California. *See id.* at 83-88. The motion was unopposed. *See id.* at 97-98. On November 7, 2016, the Bankruptcy Court granted Appellant's motion and transferred the case to the Eastern District of California, Sacramento Division. *See id.* The parties eventually stipulated to an entry of a judgment "granting discharge of the [Appellant's] student loans pursuant to 11 U.S.C. § 523(a)(8)[.]"[4] Doc. No. 18-7 at 61. The

---

[1] All citations to specific page numbers refer to the pagination assigned by the CM/ECF system.

[2] A discharge under Chapter 7 "discharges the debtor from all debts that arose" prior to the date of the bankruptcy petition. 11 U.S.C. § 727(b). After the discharge is issued, it "operates as an injunction against the commencement or continuation of an action . . . to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2).

[3] The Bankruptcy Court dismissed Navient Solutions, Inc. from the proceedings on October 14, 2016. *See* Doc. No. 17-3 at 89-92.

[4] Section 523(a)(8) provides in relevant part that a Chapter 7 discharge does not discharge an individual's debt "unless excepting such debt from discharge . . . would impose an undue hardship on the debtor . . . for . . . an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution[.]" 11 U.S.C. § 523(a)(8)(A)(i).

Bankruptcy Court for the Eastern District of California entered judgment on August 8, 2017, indicating that "the obligation of plaintiff to defendant [Department of Education] is declared to be discharged pursuant to 11 U.S.C. § 523(a)(8)." *Id.* at 63.

On January 2, 2018, Appellant returned to the Southern District and filed his "Motion For Order of Contempt and/or Sanction for Violation of Discharge Order and Judgment" against the VA. Doc. No. 17-3 at 102. Appellant sought a contempt order and sanctions against the VA because it garnished a portion of Appellant's disability compensation to satisfy the pre-petition educational benefit overpayment debt. *See id.* at 113 ("The VA required [Appellant] to pay $235.00 per month until [the debt] is paid off."). Appellant argued that the VA's renewed collection efforts violated both the Discharge Order and the Judgment. *See id.* at 104-05. The VA filed an opposition to Appellant's motion, to which Appellant replied. *See* Doc. No. 17-4 at 5-12, 13-71. In connection with his reply brief, Appellant also filed two additional pleadings entitled "Cross Motion to Reopen Main Bankruptcy Case and Adversary Proceeding" and "Cross Motion to Add U.S. Department of Veterans Affairs and VA Debt Management Center as Defendants." *Id.* at 72-75, 76-78.

On February 12, 2018, the Bankruptcy Court held a hearing on the matter. *See* Doc. No. 17-4 at 92. On February 16, 2018, the Bankruptcy Court issued an order denying Appellant's motion for contempt and sanctions. *See id.* at 93-98. Specifically, the Bankruptcy Court held that the debt to the VA for overpayment of an educational benefit was "presumptively nondischargeable until a court order provided otherwise." *Id.* at 97. The court noted that Appellant commenced the adversary proceeding to have only his "*student loans* declared dischargeable[.]" *Id.* (emphasis in original). However, "the VA was not a defendant in the Adversary Proceeding" and "the educational benefit overpayment was not addressed in that suit[.]" *Id.* Thus, "[t]he Adversary Proceeding did not alter the educational benefit overpayment's status in any way." *Id.* The court concluded that it "cannot hold the VA in contempt or sanction it for violating an injunction that does not apply to it." *Id.* The Bankruptcy Court instructed Appellant to

"bring a new adversary proceeding against the VA" to have the debt discharged. *Id.* The court explained that Appellant "cannot simply supplement the Adversary Proceeding, which has already gone to final judgment and is fully adjudicated." *Id.*

On February 14, 2018, Appellant filed a separate adversary proceeding against the VA seeking a discharge of his debt arising out of the educational benefit overpayment pursuant to 11 U.S.C. § 523(a)(8). *See* Doc. No. 17-6 at 1-2. The Bankruptcy Court issued an order staying the case pending resolution of the instant appeal. *See id.* at 348-49 (noting that "the parties have agreed to stay the present adversary proceeding until the district court has decided Plaintiff's appeal in the main bankruptcy case of the order denying motion for contempt and sanctions").

## ISSUE ON APPEAL

The issue on appeal is whether the Bankruptcy Court properly denied Appellant's motion for contempt and sanctions against the VA for alleged violations of the discharge injunction.[5] *See* Doc. No. 1.

## JURISDICTION

The Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 158(a),

---

[5] Appellant also argues that the bankruptcy judge erred in (1) failing to reopen the core bankruptcy case; (2) failing to added the VA as a defendant in the prior adversary case; (3) denying Appellant's motion to amend his complaint; (4) failing to hold an evidentiary hearing; (5) violating Appellant's constitutional rights; (6) failing to recuse himself for alleged bias; and (7) and failing to consider the constitutionality of 11 U.S.C. § 523(a)(8). *See* Doc. No. 19 at 1-2. With the exception of Appellant's request to reopen the core bankruptcy case, Appellant did not raise any of these arguments below. *See* Doc. No. 17-3 at 102-210. District courts generally do not consider arguments raised for the first time on appeal, although the Court has the discretion to do so in exceptional circumstances. *See In re Jan Weilert RV, Inc.*, 315 F.3d 1192, 1199 (9th Cir. 2003) (citing *In re Am. W. Airlines, Inc.*, 217 F.3d 1161, 1165 (9th Cir. 2000)). The record discloses no exceptional circumstances for not having raised these issues below; thus, the Court declines to address them. With respect to Appellant's request to reopen the core bankruptcy case, Appellant filed a supplemental pleading in connection with his reply brief below entitled "Cross Motion to Reopen Main Bankruptcy Case and Adversary Proceeding." Doc. No. 17-4 at 72-76. However, "[i]ssues raised for the first time in the reply brief are waived." *Bazuaye v. I.N.S.*, 79 F.3d 118, 120 (9th Cir. 1996). Thus because Appellant waived this argument before the Bankruptcy Court, and no exceptional circumstances exist for the Court to consider the argument for the first time on appeal, the Court similarly declines to address this argument.

which grants district courts jurisdiction to hear appeals from final orders of bankruptcy courts. *See In re AFI Holding, Inc.*, 530 F.3d 832, 836 (9th Cir. 2008). "While civil contempt orders entered 'during the course of a pending civil action' are not appealable until final judgment, the Ninth Circuit has allowed immediate appeals of sanctions orders that dispose of the only issue before the court." *In re Stasz*, 387 B.R. 271, 275 (B.A.P. 9th Cir. 2008) (quoting *SEC v. Elmas Trading Corp.*, 824 F.2d 732, 732 (9th Cir. 1987)). Thus, because the Bankruptcy Court's order denying Appellant's motion for contempt and sanctions "stands alone and requires no further action by the bankruptcy court, the order is a final order" and the Court has jurisdiction pursuant to § 158. *Id.* at 276.

<u>STANDARD OF REVIEW</u>

A district court reviews a bankruptcy court's conclusions of law *de novo*, and its findings of facts for clear error. *In re Levander*, 180 F.3d 1114, 1118 (9th Cir. 1999). The Ninth Circuit applies "de novo review to 'mixed questions' of law and fact that require consideration of legal concepts and the exercise of judgment about the values that animate the legal principles." *In re Beverly*, 374 B.R. 221, 230 (B.A.P. 9th Cir. 2007) (quoting *In re Bammer*, 131 F.3d 788, 791-92 (9th Cir. 1997) (en banc)). The Court "review[s] a bankruptcy court's decision to deny a motion for contempt sanctions for an abuse of discretion." *In re Ramirez*, 183 B.R. 583, 586 (B.A.P. 9th Cir. 1995); *see also In re SMB Grp., Inc.*, BAP No. CC-11-1610-KiDMk, 2012 WL 5419275, at *7 (B.A.P. 9th Cir. Nov. 7, 2012) ("An award or denial of sanctions . . . is reviewed for abuse of discretion.").[6]

/ / /

---

[6] It appears that the Ninth Circuit has not addressed the issue of whether the abuse of discretion standard also applies to a bankruptcy court's denial of a motion for contempt and sanctions. *See In re Taggart*, 888 F.3d 438, 443 (9th Cir. 2018) ("The bankruptcy court's decision *to impose* contempt sanctions is reviewed for an abuse of discretion.") (emphasis added); *In re Dyer*, 322 F.3d 1178, 1191 (9th Cir. 2003) ("We review the decision to *impose* contempt for an abuse of discretion, and underlying factual findings for clear error.") (emphasis added). Even if the Court applied a *de novo* standard of review, the Court would reach the same result below.

The standard set forth by the Ninth Circuit for finding a party in civil contempt "is well settled." *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). "'The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply.'" *Id.* (quoting *Stone v. City and Cnty. of S.F.*, 968 F.2d 850, 856 n.9 (9th Cir. 1992)). "A bankruptcy court may enforce the discharge injunction by holding a party in contempt for knowingly violating the discharge." *In re Taggart*, 888 F.3d at 443 (citing *In re Zilog, Inc.*, 450 F.3d 996, 1007 (9th Cir. 2006)). Thus, Appellant bore the burden below of demonstrating by clear and convincing evidence that the VA violated either: (1) the Discharge Order; or (2) the Judgment. The Court addresses the orders in turn.

## 1. The Discharge Order

Appellant argues that the VA violated the Discharge Order by garnishing a portion of his disability compensation each month. *See* Doc. No. 19 at 20. Specifically, Appellant contends that "all of [his] educational debt [was] discharged in bankruptcy." *Id.*

On June 14, 2016, the Bankruptcy Court entered an Order of Discharge in a Chapter 7 Bankruptcy case pursuant to 11 U.S.C. § 727. *See* Doc. No. 17-5 at 216-17. The Discharge Order expressly states that as a result of the discharge, "no one may make any attempt to collect a discharged debt from the debtors personally." *Id.* at 216. However, the Discharge Order also explained that "[s]ome debts are not discharged[,]" including "debts for most student loans." *Id.* at 217.

In his Chapter 7 bankruptcy petition, Appellant listed his debt to the VA as an "overpayment of [a] Post 9/11 GI Bill benefit." Doc. No. 17-5 at 25-26. An overpayment of benefits under the GI Bill is an "educational benefit overpayment" as contemplated by 11 U.S.C. § 523(a)(8). *See In re Renshaw*, 229 B.R. 552, 556 n.8 (B.A.P. 2d Cir. 1999) ("An 'educational benefit overpayment' is an overpayment from a

program such as the GI Bill where students receive periodic payments while they are enrolled in school, but if the students receive payments after they have left the school, that is an educational benefit overpayment."), *aff'd*, 222 F.3d 82 (2d Cir. 2000). "Section 523(a)(8) provides that certain kinds of educational debts are *not discharged* in bankruptcy unless repayment of the debt would result in undue hardship." *In re Kashikar*, 567 B.R. 160, 164 (B.A.P. 9th Cir. 2017) (emphasis added). Section 523(a)(8) applies to "educational benefit overpayment[s]." *Id.*; *see also* 11 U.S.C. § 523(a)(8)(A)(i).

Here, Appellant does not produce any evidence that his debt to the VA was somehow covered by the Discharge Order. In fact, Appellant produces records verifying the status of the debt to the VA as an educational benefit overpayment, which is not discharged in bankruptcy by a discharge order. For example, Appellant includes in the record on appeal a letter challenging the VA's collection of a debt he describes as an "educational benefits loan [that] resulted from overpayment of the basic housing allowance." Doc. No. 17-3 at 149. Moreover, Appellant asserts that the total debt owed to the VA was improperly calculated—an issue immaterial to the instant appeal—but does not challenge the characterization of the debt owed to the VA. *See* Doc. No. 19 at 22-23.

Thus, because and educational benefit overpayment is presumptively not discharged under § 523(a)(8) until a court orders otherwise, the Bankruptcy Court did not abuse its discretion in concluding that Appellant did not meet his burden in showing that the VA violated the Discharge Order by continuing to collect on its debt. *See In re Moon*, No. 04-05679-LT13, 2010 WL 3186711, at *1 (Bankr. S.D. Cal. Aug. 9, 2010) (concluding that "[i]f [a student loan debt] was not discharged, then [the creditor] could not have violated the discharge injunction of § 524.").

## 2. The Judgment

Appellant further argues that the VA violated the Judgment by continuing to collect on its debt. Specifically, Appellant asserts that "Res Judicata and Collateral

Estoppel apply in this matter[.]"  Doc. No. 19 at 25.  Moreover, Appellant contends that a finding of undue hardship sufficient to support a discharge of a debt owned by one entity also supports a discharge of a separate debt owned by a different entity.  *See id.* at 24 ("Appellant met his burden of proof . . . in discharging all of his student loan debts . . . . Therefore, Appellant is also entitled to discharge 'educational debt' that VA claimed him to owe.").

Here, the Court finds that Appellant's arguments are misplaced.  First, regardless of whether the Judgment has any res judicata or collateral estoppel effect, Appellant's burden below was to show that the VA violated a definite order of the court.  *See Affordable Media*, 179 F.3d at 1239 (noting that the "moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court.").  By his contempt motion, Appellant claimed that the VA's renewed efforts to collect on the pre-petition debt violated the Judgment.  *See* 17-3 at 104-05.  The Bankruptcy Court noted that the two creditors held entirely separate debts, and concluded that the Judgment entered by the Eastern District only "discharged the debt [Appellant] owed the Department of Education" and "had no effect on other educational benefit overpayments or the VA."  Doc. No. 17-4 at 97.  On appeal, Appellant admits that the VA was not a party in the prior adversary action.  *See* Doc. No. 19 at 26 (noting the "VA was not [a] party in adversary proceeding 16-90059."); Doc. No. 17-4 at 81 ("I made a mistake that I did not include the VA . . . in the adversary proceeding").[7]  Thus, it was not an abuse of discretion for the Bankruptcy Court to conclude that Appellant had not shown that the VA violated the Judgment by continuing

_____

[7] As such, the Court finds Appellant's argument that the Department of Education and the VA were in "privity" for res judicata purposes unpersuasive.  *See United States v. Wanland*, 830 F.3d 947, 956 (9th Cir. 2016) ("Courts have not assumed that all federal agencies are in privity for res judicata purposes, and instead look to the substance of claims."); *United States v. Ledee*, 772 F.3d 21, 30 (1st Cir. 2014) ("[C]ourts have recognized in the preclusion context the folly of treating the government as a single entity in which representation by one government agent is necessarily representation for all segments of the government.").

1  to collect on its debt.

2      Second, Appellant appears to suggest that a showing of undue hardship as to one

3  educational debt is sufficient to discharge all educational debts. *See* Doc. No. 19 at 24.

4  The Ninth Circuit has indicated that "it is now generally recognized that an all-or-nothing

5  approach to the dischargeability of student debt contravenes Congress' intent in granting

6  bankruptcy courts equitable authority to enforce the provisions of the Bankruptcy Code."

7  *In re Saxman*, 325 F.3d 1168, 1174 (9th Cir. 2003).

8      Moreover, *In re East*, a case from the Bankruptcy Court for the Eastern District of

9  California, is particularly instructive on this issue. 270 B.R. 485 (Bankr. E.D. Cal. 2001).

10  There, the debtor sought to discharge two separate student loan obligations pursuant to 11

11  U.S.C. § 523(a)(8). *See id.* at 487. Specifically, the debtor sought to discharge his debt

12  to Education Credit Management Corporation ("ECMC") for his undergraduate

13  education, as well as his debt to the Department of Education for his law school

14  education. *See id.* at 487-88. The debtor filed separate adversary proceedings against

15  each creditor, but because "the legal and factual issues raised by the adversary

16  proceedings are identical," the bankruptcy court permitted the proceedings to be tried

17  jointly. *Id.* at 487. The bankruptcy court, however, separately considered whether the

18  debtor had shown an undue hardship with respect to each obligation. *See id.* at 493-95.

19  The bankruptcy court concluded that the debtor had not "met his burden of proof that it

20  would be [an] undue hardship to repay the ECMC obligation." *Id.* at 493. However, the

21  court found that "the undue hardship inquiry is more complex with respect to the

22  Department of Education because the loan amount is far greater." *Id.* at 494. The court

23  ultimately concluded that it would be an undue hardship for the debtor to repay his law

24  school loans in full, and granted a partial discharge of the obligation. *See id.* at 496. The

25  court further noted that it would "issue separate judgments with respect to each adversary

26  proceeding." *Id.* Thus, a finding of undue hardship with respect to one educational

27  obligation does not automatically discharge all other educational debts. Rather, courts

28  must evaluate the dischargeability of each debt separately. *See id.*

As such, the Court finds that the Bankruptcy Court did not abuse its discretion in concluding that because the Judgment's "language was limited to the education loan debt [Appellant] owed to the Department of Education," and was silent as to the VA, Appellant did not met his burden of showing the VA violated the Judgment. Doc. 17-4 at 97.

**3. Summary**

In sum, the Court finds that the Bankruptcy Court did not abuse its discretion in finding that Appellant had not met his burden of establishing by clear and convincing evidence that the VA violated a specific and definite order of the court. Accordingly, the Bankruptcy Court properly determined that it "cannot hold the VA in contempt or sanction it for violating an injunction that does not apply to it." Doc. No. 17-4 at 97; *see also In re Moon*, 2010 WL 3186711, at *1 (denying debtor's motion to hold creditor in contempt for violating the discharge order because the discharge order indicates that the student loan debt is not discharged; thus, when there is no discharge of the debt owed, there can be "no violation of § 524.").

<u>CONCLUSION</u>

Based on the foregoing, the Court **AFFIRMS** the Bankruptcy Court's February 16, 2018 order denying Appellant's motion for contempt and sanctions.

**IT IS SO ORDERED.**

Dated: July 23, 2018

HON. MICHAEL M. ANELLO
United States District Judge